IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE **DIVISION**
**CIVIL ACTION NO.** 3:14-CV-00566-GCM

| | |
|---|---|
| JAFRUM INTERNATIONAL, INC., ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | <u>**ORDER**</u> |
| ) | |
| HELMET VENTURE, INC. ) | |
| NANAL, INC. ) | |
| TEGOL, INC. ) | |
| AARON GOLSHANI, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court upon Defendant's Motion to Dismiss for Improper Venue or Transfer Venue (Doc. No. 7), Plaintiff's Response in Opposition (Doc. No. 9), and Plaintiff's Supplemental Memorandum in Opposition (Doc. No. 8). Defendant requests that this case be dismissed for improper venue or transferred to the Central District of California. For the reasons set forth below, the Motion is **DENIED**.

## I. INTRODUCTION

Plaintiff Jafrum International, Inc. ("Jafrum") brought this action on October 13, 2014 against Defendants Helmut Venture, Inc. ("Helmut Venture"), Tegol, Inc. ("Tegol"), Nanal, Inc. ("Nanal"), and Aaron Golshani seeking a declaratory judgment that Defendants registered an invalid trademark, committed fraud on the U.S. Patent and Trademark Office, as well as a declaratory judgment holding that Jafrum has not violated the Lanham Act or engaged in tortious activity under federal or state law. (Doc. No. 1) Jafrum also seeks damages for intentional interference with business relationships, intentional interference with contractual relations, false advertising, trade libel, unfair competition (under state and federal law), and common law

trademark infringement. (*Id.*) Plaintiff's claims center around allegations that Defendants improperly appropriated their mark, interfered with their search engine rankings, and pressured suppliers to cease relations with Jafrum.

According to the allegations in the complaint, Plaintiff is a North Carolina corporation with a principal place of business in the Western District of North Carolina. (Compl. at 2, ¶ 3) Defendanta Helmut Venture and Tegol are California corporations that conduct business in North Carolina. (Compl. at 2, ¶¶ 4-5) Defendant Nanal is a Nevada Corporation also conducing business in North Carolina (Compl. at 2, ¶ 6), and the remaining defendant, Aaron Golshani owns or operates one or more of the corporate defendants. (Compl. at 2, ¶ 7)

## II. LEGAL STANDARD

United States Code Title 28 Section 1391(b) provides that a plaintiff may bring a civil action in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction." As the Supreme Court has explained, "[w]hen venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court*, 134 S. Ct. 568, 578 (2013)

Section 1404(a) of the same Title provides, in relevant part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a).

Congress designed Section 1404(a) as a "federal judicial housekeeping measure," *Van Dusen v. Barrack*, 376 U.S. 612, 616, 636 (1964), that operates to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense," *id.* at 616 (internal quotation marks and citation omitted).  In a motion brought pursuant to Section 1404(a), the moving party bears the burden of establishing (1) that the plaintiff could have brought the case in the transferee district and (2) that transfer would make the litigation more convenient for the parties and for the witnesses, and would advance justice. *See Ward v. INVISTA S.a.r.L., LLC*, 5:06-cv-40, 385 B.R. 817, 821 (W.D.N.C. 2008).

### III.   DISCUSSION

Defendants first argue that venue is improper in the Western District of North Carolina because the parties are already engaged in litigation in California.  However, Plaintiff notified the Court by supplemental motion that the California action was dismissed for lack of prosecution.  (Doc. No. 9; Doc. No. 9-1)  Defendants' reply was due on July 20, and that time has passed.  Moreover, Plaintiff argues that venue is proper in the Western District of North Carolina because "a substantial part of the events or omissions giving rise to the claim occurred" here.  *See* 28 U.S.C. § 1391(b)(2).  Plaintiff argues that this district is the site of its injury, Defendants "threated" Plaintiff in North Carolina, and Defendants sell their products to consumers in the state.  (Plaintiff's Response in Opposition at 8, Doc. No. 8)  Defendants have failed to rebut these arguments.  Thus, the Court must conclude that Plaintiff has made a prima facie showing that venue is proper, and Defendants' Motion to Dismiss is denied.

The question, then, is whether this Court should nevertheless transfer venue to the Central District of California.  The Western District of North Carolina has consistently applied

an eleven-factor test in analyzing whether transfer would advance the interests of justice. Those factors are:

> (1) the Plaintiff's choice of forum; (2) the residence of the parties; (3) the relative ease of access of proof; (4) the availability of compulsory process for the attendance of witnesses and the costs of obtaining attendance of willing witnesses; (5) the possibility of a view; (6) the enforceability of any judgment obtained; (7) the relative advantages and obstacles to a fair trial; (8) other problems which might make the litigation more expeditious and economical; (9) the administrative difficulties of court congestion; (10) the interest in having localized controversies resolved at home and the appropriateness in having litigation of a diversity case in a forum that is at home with the state law that must govern the action; and (11) the avoidance of issues involving conflict of laws.

*Am. Motorists Ins. Co. v. CTS Corp.*, 356 F. Supp. 2d 583, 585 (2005).

Defendants list these factors and argue that they "weigh heavily in favor transfer." (Defendants' Motion to Dismiss/Transfer Venue at 5-6, Doc. No. 7) They do not, however, explain why any of the factors suggest that this case should be transferred. Plaintiffs, on the other hand, argue that factors 1, 2, 4, and 10 counsel against transfer. (Plaintiff's Response in Opposition at 10, Doc. No. 8)

This Court ordinarily gives great weight to the Plaintiff's choice of forum. *See, e.g.*, *BellSouth Telecommunications, Inc. v. N.C. Utilities Comm'n*, 3:05-cv-345, 2005 WL 2416204 (W.D.N.C. 2005); *Commercial Equip. Co., Inc. v. Barclay Furniture Co.*, 738 F. Supp. 974, 976 (W.D.N.C. 1990); *Datasouth Computer Corp. v. Three Dimensional Technologies, Inc.*, 719 F. Supp. 446, 451 (W.D.N.C. 1989). The Court regards the plaintiff's choice as "a paramount consideration in any determination of a transfer request" and has characterized it as a decision that "should not be lightly disturbed." *Commercial Equip.*, 738 F. Supp. at 976 (quoting *Datasouth*, 719 F. Supp. at 451). Here, because Plaintiff has chosen to file suit in North Carolina, the first factor weighs against transfer. The tenth factor, the interest in having localized controversies resolved at home, also suggests this case should not be transferred, as the plaintiff initiated the

litigation in its home state. Factor 2, the residence of the parties, is not helpful to this Court's decision because two of the defendants reside in California, while Plaintiff resides in North Carolina. Factor 4, the availability of compulsory process, is similarly unhelpful.

The Court notes that other factors could very well weigh in favor of transferring this case. However, the Motion is devoid of factual support and thus the Court has no basis on which to find that this litigation would be more convenient for the parties and witnesses if conducted in California. Accordingly, Defendants' Motion to Transfer Venue is denied.

### IV.     CONCLUSION

**THEREFORE**, Defendant's Motion to Dismiss or Transfer Venue (Doc. No. 7) is **DENIED**.

**SO ORDERED.**

Signed: October 21, 2015

*[Signature]*

Graham C. Mullen
United States District Judge