# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:14-CV-00566-GCM

| | | |
|---|---|---|
| JAFRUM INTERNATIONAL, INC., | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HELMET VENTURE, INC. | ) | |
| NANAL, INC. | ) | |
| TEGOL, INC. | ) | |
| AARON GOLSHANI, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment. (Doc. No. 10). Plaintiff filed the instant motion on August 14, 2015, arguing that this Court should grant summary judgment on two of its claims for declaratory judgment: Count II, which seeks a declaration that Defendants' trademark is invalid, and Count IV, which seeks a declaration that Plaintiff did not infringe Defendants' trademark. This Court ordered Defendants to file a response by December 23, 2015. (Doc. No. 12) Defendants failed to do so. For the reasons set forth below, the Motion is **GRANTED**.

## I. INTRODUCTION

Plaintiff Jafrum International, Inc. ("Jafrum") brought this action on October 13, 2014 against Defendants Helmut Venture, Inc. ("Helmut Venture"), Tegol, Inc. ("Tegol"), Nanal, Inc. ("Nanal"), and Aaron Golshani seeking a declaratory judgment that Defendants registered an invalid trademark, committed fraud on the U.S. Patent and Trademark Office, as well as a declaratory judgment that Jafrum has not violated the Lanham Act or engaged in tortious activity

under federal or state law. (Doc. No. 1) Jafrum also seeks damages for intentional interference with business relationships, intentional interference with contractual relations, false advertising, trade libel, unfair competition (under state and federal law), and common law trademark infringement. (*Id.*) Plaintiff's claims center around allegations that Defendants appropriated their "REBEL" motorcycle helmet mark, interfered with their search engine rankings, and pressured suppliers to cease relations with Jafrum.

Parallel litigation, initiated by Defendants Helmut Venture and Tegol, was previously pending in the United States District Court for the Central District of California. In its complaint, Helmut Venture and Tegol alleged three federal claims: (1) trademark infringement, in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114; (2) unfair competition and false designation of origin, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (3) trademark dilution, in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). (C.D. Cal. Case No. 2:14-cv-1307-RGK-SH, Doc. No. 17) The complaint also alleged several state law claims for unfair competition, trade name infringement, and dilution. (*Id.*) The California action was dismissed on July 6, 2015 for failure to prosecute. (C.D. Cal. Case No. 2:14-cv-1307-RGK-SH, Doc. No. 45) The deadline for filing a notice of appeal has passed. *See* 28 U.S.C. § 2107(a).

## II.    LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere existence of a scintilla of evidence" in support of the non-movant's position is not sufficient to establish a genuine dispute. *Id.* at 252. A material fact affects the outcome of the

suit under the applicable substantive law. *See id.* at 248. When determining whether a dispute is genuine or a fact is material, courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Unsupported speculation, however, is insufficient to defeat a motion for summary judgment. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996).

### III. DISCUSSION

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, if the plaintiff fails to prosecute an action and its failure results in dismissal, the district court's order dismissing the case "operates as an adjudication on the merits." However, the Supreme Court has afforded a limited meaning to this Rule, explaining "the effect of the 'adjudication upon the merits' default provision of Rule 41(b) . . . is simply that, unlike a dismissal 'without prejudice,' the dismissal in the [involuntarily dismissed] case bar[s] refiling of the same claim" in any federal district court. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506 (2001). The Fourth Circuit accordingly recognizes that "it is no longer true that a judgment 'on the merits' [for purposes of Rule 41] is necessarily a judgment entitled to . . . preclusive effect." *U.S. ex rel. May v. Purdue Pharma L.P.*, 737 F.3d 908, 914 (4th Cir. 2013), *cert. denied*, 135 S. Ct. 2376 (2015), (alteration in original) (quoting *Semtek Int'l Inc.*, 531 U.S. at 503).

In short, it is not enough to say that a claim was previously dismissed pursuant to Rule 41. The Court must look to the doctrines of claim preclusion and issue preclusion, "which are collectively referred to as 'res judicata,'" in order to determine whether the California action's dismissal entitles Plaintiff to summary judgment on the claims currently at issue. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

3

A judgment in a prior case has a claim preclusive effect in later cases if three criteria are met: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *U.S. ex rel. May*, 737 F.3d at 912 (quoting *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013)). In determining whether causes of action are identical for the purposes of prong two, the court follows the transactional approach. *Clodfelter*, 720 F.3d at 210. This means that two cases are sufficiently identical to meet this test if the latter case "arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Id.* (quotation marks and citation omitted). As for identity of parties, a nonparty may be bound by an earlier judgment if its interests were "'adequately represented by someone with the same interest who was a party' to the suit." *Taylor*, 553 U.S. at 894 (alteration adopted) (quoting *Richards v. Jefferson Cnty.*, 517 U.S. 793, 798 (1996)). The nonparty must be "so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved." *Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 651 (4th Cir. 2005) (quoting *Jones v. SEC*, 115 F.3d 1173, 1180 (4th Cir.1997)).

Issue preclusion applies if the moving party establishes: (1) the issue of fact or law was previously litigated; (2) the issue was actually determined in the prior proceeding; (3) the court's determination of the issue was a critical and necessary part of its decision; (4) the prior judgment was final and valid; and (5) the parties against whom preclusion is asserted had a full and fair opportunity to litigate the issue in the previous forum. *Sedlack v. Braswell Servs. Grp., Inc.*, 134 F.3d 219, 224 (4th Cir. 1998).

Plaintiff has filed a two page memorandum in support of its motion for summary judgment that simply relays the resolution of the parallel litigation and asserts: "Dismissal of the

California Action is final, therefore, and establishes as a matter of law that Defendants neither own nor have any common interest in the Rebel trademark." (Doc. No. 11 at 2) Plaintiff argues that the fact of the California dismissal entitles it to "summary judgment on its claims that Defendants' purported registration of the Rebel trademark is invalid, and that Jafrum has not infringed Defendants' alleged interest in the Rebel trademark." (*Id.*) Plaintiff's memorandum does not address claim or issue preclusion.

The Court finds that claims preclusion warrants summary judgment on Counts II and IV. Two of the necessary elements are clearly met, namely (1) a final judgment on the merits in a prior suit, and (2) an identity of the cause of action in both the earlier and the later suit. *U.S. ex rel. May*, 737 F.3d at 912. The involuntary dismissal of the California action establishes that Jafrum did not infringe Helmut Venture or Tegol's trademark in violation of § 32 of the Lanham Act. Count IV of Jafrum's Complaint seeks a declaratory judgment on the same claim. Additionally, although the California action did not explicitly seek a declaration on the validity or invalidity of Helmut Venture's registration, the same trademark dispute serves as the basis of both cases and thus the transactional approach supports a finding that the identity of suits requirement is met on Count II. Two of the defendants in this case were also parties to the California action.

As for the remaining parties, the Court finds that Plaintiff has established privity between the parties in the California action and all of the defendants named in the current suit. Although Plaintiff has provided few facts from which the Court can determine that the other two defendants, Nanal and Golshani, are in privity with the Defendants in the California action, Defendants have twice declined to respond to Plaintiff's Motion for Summary Judgment. Indeed, the Court ordered a response in an effort to obtain more information about the

5

relationship between the various Defendants in this action, all of whom are represented by the same attorney. Because Defendants have willfully failed to file their response, the Court finds that the allegations in the complaint and the joint representation of all Defendants are sufficient to establish privity. Accordingly, Plaintiff's Motion will be granted.

## ORDER

**IT IS THEREFORE ORDERED** that

(1) Plaintiff's Motion for Summary Judgment on Counts II and IV be **GRANTED**.

**SO ORDERED.**

Signed: January 14, 2016

Graham C. Mullen
United States District Judge