IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JAFRUM INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HELMET VENTURE, INC., TEGOL, INC., NANAL, INC., AND AARON GOLSHANI (A/K/A "GOLSHEN"),<br><br>Defendants. | Case No. 3:14-CV-00566<br><br>**PROTECTIVE ORDER** |

WHEREAS, on or about October 13, 2014, Plaintiff Jafrum, International, Inc. ("Plaintiff" or "Jafrum") commenced this civil action (the "Litigation") against Defendants Helmet Venture, Inc., Tegol, Inc., Nanal, Inc., and Aaron Golshani (a/k/a "Golshen") (collectively, "Defendants" and with Plaintiff, the "Parties"; individually, Plaintiff and each Defendant is a "Party");

WHEREAS, Defendants have filed counterclaims against Plaintiff;

WHEREAS, on May 10, 2016, the Court entered a Pretrial Order and Case Management Plan in the Litigation;

WHEREAS, pursuant to the Federal Rules of Civil Procedure, the Parties may engage in discovery proceedings in the Litigation, which may include, among other things, producing or obtaining documents, data, responses to interrogatories, deposition testimony, deposition transcripts and exhibits and other information (collectively, the "Discovery Materials") to or from each other;

WHEREAS, Defendants are engaged in proprietary business activities that could be affected if non-public financial data, business or investment strategies, product or operational information, or other sensitive or otherwise confidential information were disclosed publicly;

WHEREAS, the Parties anticipate that the Parties have in their possession, care, custody, or control documents, correspondence, data, or other information that relate to the Parties, the Parties' assets or operations, or the Parties' business interests;

WHEREAS, to the extent that the Parties engage in discovery proceedings in the Litigation, the entry of this Protective Order (the "Protective Order") will promote the fair and expeditious resolution of this action; and

WHEREAS, on December 6, 2016, the Court ordered Defendants to produce documents requested by Plaintiff upon entry of a discovery protective order;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Protective Order shall govern the designation and handling of Discovery Materials disclosed, given or produced in the Litigation by Defendants (or any of their attorneys or agents) or by Plaintiff (or any of its attorneys or agents) ("Producing Party" or "Producing Parties").

2. The definitions set forth in the Federal Rules of Civil Procedure are deemed incorporated into and a part of this Protective Order.

3. The Producing Parties may designate any Discovery Materials produced in this Litigation as "Confidential" under the terms of this Protective Order only if such Party in good faith reasonably believes that such Discovery Materials contain trade secrets or other proprietary or commercially sensitive information or information otherwise subject to protection under applicable law ("Confidential Discovery Materials").

4. The Producing Parties will make good faith efforts to avoid the over-designation of material as Confidential.

5. Any copies or reproductions, excerpts, summaries or other documents or media that paraphrase, substantively reference, excerpt, contain or otherwise reveal, in sum or substance, the protected information contained in Confidential Discovery Materials also shall be treated as Confidential Discovery Materials pursuant to this Protective Order.

6. Confidential Discovery Materials, or information derived therefrom, shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose. For avoidance of doubt, Confidential Discovery Materials are considered to be used for purposes of this Litigation if used in proceedings or investigations related to the above-captioned action or its underlying facts, including, but not limited to, any out-of-state proceeding required to enforce a subpoena seeking documents or testimony for use in the above-captioned action.

7. The designation of Discovery Materials as "Confidential" for purposes of this Protective Order shall be made in the following manner by the Producing Party:

    a. In the case of documents or other materials (apart from depositions or other testimony), by (i) affixing the legend "Confidential" to each page containing any Confidential Discovery Materials, respectively; or (ii) in the case of documents for which document numbers cannot be applied to each page, such as documents produced in native form, spreadsheets, or database documents, adding the word(s) "Confidential" to the electronic file name of the document, provided that the failure to designate a document as "Confidential" under Sub-Paragraphs a.(i) or a.(ii), herein, shall not constitute a waiver of such designation, and the Producing Parties may so designate a document by

providing written notice to other Party together with properly designated copies of said document after such document has been produced, with the effect that such document is thereafter subject to the protections of this Protective Order; and

b. In the case of depositions and other testimony, by (i) a statement on the record, by counsel, at the time of such disclosure designating the testimony as "Confidential"; or (ii) written notice by the Producing Parties sent to the other Party within fifteen (15) days after the transcript is submitted to the deponent for review. Until that 15-day period has expired, the testimony presumptively will be deemed "Confidential" in its entirety. The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition.

8. Discovery Materials designated "Confidential" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

   a. Counsel for the Parties, and regular and temporary employees and service vendors of such counsel assisting in the conduct of the Litigation for use in accordance with this Protective Order;

   b. Experts (both testifying and non-testifying) who are assisting the Parties or their counsel in this Litigation;

   c. Witnesses or deponents and their counsel, who do not fall into another category under this paragraph, during the course of and in preparation for depositions or

testimony in this Litigation, but only to the extent necessary for the prosecution and defense of this Litigation, and no copies of or notes relating to the Confidential Discovery Materials shall be made by such person;

d. The members, directors, officers, employees, and general or limited partners of any Party that is not a natural person, or any subsidiary or affiliate thereof, which members, directors, officers, employees, and general or limited partners who appear as witnesses or deponents in the Litigation;

e. Any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document, or as to whom there has been deposition or trial testimony indicating that the person was the author or recipient of the document;

f. The Court and its employees;

g. Court reporters and videographers employed in connection with this Litigation; and

h. Any other person only upon order of the Court or stipulation of the counsel to the Parties to the Litigation.

9. Entering into, agreeing to and/or producing or receiving Confidential Discovery Materials or otherwise complying with the terms of this Protective Order shall not:

a. Constitute an admission that any document designated Confidential contains or reflects trade secrets or any other type of confidential information;

b. Prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery (including, but not limited to,

pursuant to the attorney-client privilege, work product doctrine, or other applicable privilege, immunity or protection from disclosure recognized by the applicable law), or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Discovery Materials;

c. Prevent the Parties to this Protective Order from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Materials;

d. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order; or

e. Prejudice in any way the rights of a Party to seek further protection or a determination by the Court whether any Discovery Materials designated as Confidential should be subject to the terms of this Protective Order.

10. If information subject to a claim of privilege (including material protected as trial-preparation material) is inadvertently produced in response to a discovery request, the Party that produced the material may assert the claim by notifying any Party that received the information of the claim and basis for it. After being notified, a Party (i) must promptly return, sequester, or destroy the specified information and any copies it has other than for the purposes of challenging the claimed privilege or protection, (ii) must not use or disclose the information until the claim is resolved other than for the purposes of challenging the claimed privilege or protection, (iii) must take reasonable steps to retrieve the information if the Party disclosed it before being notified  The

Parties agree to use their best efforts to resolve any inadvertent disclosure issues without the need for Court intervention, to the extent possible. If, however, the receiving Party and the Party or Person claiming an inadvertent disclosure disagree as to whether the material is privileged, then the Producing Party or Person shall apply to the Court (under seal) within ten (10) business days for an order addressing the issue. In addition, the receiving party shall not make any further disclosure of the material pending resolution of the dispute.

11. The attorneys of record shall take reasonable measures to prevent the unauthorized disclosure or use of Confidential Discovery Materials and are responsible for employing reasonable measures to control, consistent with the terms of this Protective Order, the duplication of, access to, and distribution of, Confidential Discovery Materials.

12. During the pendency of this Litigation, if any Party objects to the designation of any Discovery Materials or testimony as Confidential, the use of any materials designated as Confidential, or the application of any provision of this Protective Order, then, after the Parties meet and confer in good faith to resolve any such objection, the Producing Parties shall (a) bear the burden of moving the Court, within ten (10) business days after the Parties meet and confer, for an order maintaining the designation or permitting the use or the application of said provision, and (b) carry the burden of proof required of such motion. While such motion is pending, the Confidential Discovery Materials or testimony in question shall continue to be treated as Confidential, as so designated, pursuant to this Protective Order.

13. The Parties shall each endeavor to minimize filing Confidential Discovery Materials with the Court, particularly recognizing that the burden of maintaining the confidentiality of information submitted to the Court for its consideration is significantly greater

than the burden to protect the confidentiality of information exchanged by the Parties during the course of discovery but not actually submitted to the Court. Any Confidential Discovery Materials filed with the court must be filed under seal. Where feasible, the moving Party shall seek alternatives to filing entire pleadings, briefs, or other filings under seal, such as, for example, additionally publicly filing the document in redacted form, separately filing confidential and non-confidential documents rather than a single filing, or using a confidential appendix to a brief rather than including discussion of confidential material in the body of the brief. If a Party opposing the filing of a document under seal is unable to reconcile with the opposing Party, the Party may, within ten (10) business days of the filing, oppose maintaining the materials as Confidential Discovery Materials and under seal. The burden shall, at all times, rest on the Party claiming confidentiality to prove that the materials are, in fact, Confidential Discovery Materials. Assuming such burden is first met, the opposing Party will have the burden of demonstrating that the filing that includes Confidential Discovery Materials should be unsealed.

14. In the event that any Confidential Discovery Materials, or information derived therefrom, are used in any proceeding and/or summarized, incorporated or referenced in any motions, briefs, pleadings, transcripts, affidavits or other papers to be filed with the Court in this Litigation or any appeal therefrom, said Confidential Discovery Materials shall not lose their status as Confidential through such use, incorporation or reference, unless by order of the Court.

15. If a Party is required by law or court order to disclose any Confidential Discovery Materials of the other Party (a "Compelled Party"), the Compelled Party shall: (i) notify the other Party in writing as soon as possible, but in no event less than ten business (10) days prior to any such disclosure; (ii) cooperate with the other Party to preserve the confidentiality of such

Confidential Discovery Materials consistent with applicable law; and (iii) use its best efforts to limit any such disclosure to the minimum disclosure necessary to comply with such law or court order.  Notwithstanding any other provision of this Protective Order, a Compelled Party shall be permitted to comply with mandatory disclosure obligations imposed upon the Compelled Party by (a) federal, state and/or local government agencies purporting to assert jurisdiction over the Compelled Party or (b) an order of a court that the Compelled Party reasonably believes has jurisdiction over the Compelled Party.

16. Nothing in this Protective Order shall prejudice the right of any Party to apply to the Court for appropriate relief.  All disputes regarding the scope of this Protective Order shall be resolved by the Court or, following the conclusion of this Litigation including without limitation any appeals therefrom, a court of competent jurisdiction.  This Protective Order shall be governed and enforced by and pursuant to applicable law, without regard to any choice of laws that would require the application of the law of any other jurisdiction.

17. The Parties agree to be bound by the terms of this Protective Order pending the entry by the Court of this Protective Order, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Protective Order had been entered by the Court.

18. The ultimate disposition of protected materials is subject to a final order of the Court on the completion of litigation.

19. In the event that additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Materials until the newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Protective Order.

**SO ORDERED**, this 7th day of December, 2016

Signed: December 8, 2016

Graham C. Mullen
United States District Judge